UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMIKA LAMPKIN, | ) |
|     PLAINTIFF, | ) ) ) |
| v. | ) **Case No.** ) |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, | ) ) ) |
|     DEFENDANT. | ) ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

Now comes the Plaintiff, TAMIKA LAMPKIN (hereinafter "LAMPKIN"), and files her Complaint against the Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO (hereinafter "BOE") and says:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (hereinafter the "Title VII"); the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq*. (hereinafter the "IHRA"); and the Family and Medical Leave Act of 1996, 29 U.S.C. § 2601 *et seq*. (hereinafter the "FMLA").

2. This action is to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination against Plaintiff because of her race and Defendant's retaliation against Plaintiff for exercising her rights under the FMLA, both leading to her unlawful termination.

1

3. This is an action for monetary damages pursuant to Title VII, the IHRA, and the FMLA.

4. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's rights under the Title VII and the FMLA.

5. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

7. Plaintiff, LAMPKIN, is a citizen of the United States, and is and was at all times material, a resident of the State of Illinois and resided in Cook County.

8. Defendant, BOE, is a public entity in the State of Illinois and doing business in Cook County, Illinois.

9. Defendant is an employer as defined by the all laws under which this action is brought and employs the requisite number of employees.

10. Plaintiff has complied with all statutory prerequisites to filing this action.

11. On or about August 25, 2015, Plaintiff dual-filed a claim with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission (hereinafter "EEOC") satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on race discrimination.

12. Plaintiff's EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

13. On or about July 7, 2016 the EEOC issued to Plaintiff a Notice of Right to Sue.

14. This complaint was filed within ninety (90) days of the issuance of the EEOC's Right to Sue letter.

15. At all material times, Plaintiff worked for Defendant in Chicago, IL.

16. Plaintiff was employed by Defendant for over 5 years and during that time held the position of payroll manager at all times.

17. While employed by Defendant, Plaintiff satisfactorily performed the job requirements of her position.

18. Plaintiff's race is Black.

19. Plaintiff was subjected to harassment based on her race from approximately August of 2014 until her employment was terminated in August of 2015.

20. Plaintiff was treated less favorably than similarly situated non-black employees during the same time period.

21. Plaintiff reported the harassment, discrimination and disparate treatment to, among others, Defendant's Human Resources Department.

22. In June and July of 2015 Plaintiff took approved leave under the FMLA.

23. Soon after returning from FMLA leave, Plaintiff's employment was involuntarily terminated by BOE.

24. Defendant unlawfully terminated Plaintiff in a discriminatory and retaliatory manner based on her race and/or Plaintiff's exercise of her rights under Title VII and the FMLA.

25. Plaintiff has been damaged by Defendant's illegal conduct.

26. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count 1: FMLA Retaliation

27. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1- 26, above.

28. Plaintiff was an employee eligible for protected leave under the FMLA.

29. Defendant is and was an employer as defined by the FMLA.

30. Plaintiff exercised or attempted to exercise her rights under the FMLA.

31. Defendant retaliated against Plaintiff for exercising or attempting to exercise her FMLA rights.

32. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

33. Plaintiff was injured due to Defendant's willful violations of the FMLA, for which she is entitled to legal relief.

## Count 2: Race Discrimination under Title VII

34. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-26, above.

35. At all times relevant to this action, Plaintiff was in a protected category under Title VII because her race is Black.

36. Defendant is prohibited under Title VII from discriminating against Plaintiff because of her race with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

37. Defendant violated Title VII by unlawfully terminating and discriminating against Plaintiff based on her race.

38. Plaintiff has been damaged by the illegal conduct of Defendant.

39. Defendant's discriminatory conduct, in violation of Title VII, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

40. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

41. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count 3: Race Discrimination under the IHRA

42. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-26, above.

43. At all times relevant to this action, Plaintiff was in a protected category under the IHRA because her race is Black.

44. Defendant is prohibited under the IHRA from discriminating against Plaintiff because of her race with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

45. Defendant violated the IHRA by unlawfully terminating and discriminating against Plaintiff based on her race.

46. Plaintiff has been damaged by the illegal conduct of Defendant.

47. Defendant's discriminatory conduct, in violation of the IHRA, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

48. Defendant's illegal actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

49. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's statutorily protected rights, thereby entitling her to punitive damages.

## Count 4: Retaliation under Title VII

50. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-26, above.

51. Defendant intentionally retaliated against Plaintiff for engaging in protected activity under Title VII by involuntarily terminating her employment.

52. Defendant's conduct violates Title VII.

53. The Plaintiff has satisfied all statutory prerequisites for filing this action.

54. Defendant's retaliatory conduct, in violation of Title VII, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

55. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

56. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### Count 5: Retaliation under IHRA

57. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-26, above.

58. Defendant intentionally retaliated against Plaintiff for engaging in protected activity under the IHRA by involuntarily terminating her employment.

59. Defendant's conduct violates the IHRA.

60. The Plaintiff has satisfied all statutory prerequisites for filing this action.

61. Defendant's retaliatory conduct, in violation of the IHRA, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

62. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

63. Defendant has engaged in these illegal practices with malice and reckless indifference to the Plaintiff's statutorily protected rights, thereby entitling her to punitive damages.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including

emotional distress damages, in an amount to be proved at trial, liquidated damages, punitive damages, and prejudgment interest thereon;

Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio, Esq.
IL Bar No. 6313431
Spielberger Law Group
202 S. Hoover Blvd.
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Trial Counsel for Plaintiff*